| | |
|---|---|
| 1 | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
| | CATHERINE A. CONWAY (SBN 98366) |
| 2 | MARK R. CURIEL (SBN 222749) |
| | LIZ K. BERTKO (SBN 268128) |
| 3 | cconway@akingump.com |
| | mcuriel@akingump.com |
| 4 | lbertko@akingump.com |
| | 2029 Century Park East, Suite 2400 |
| 5 | Los Angeles, CA 90067 |
| | Telephone:   310.229.1000 |
| 6 | Facsimile:   310.229.1001 |

**NOTE CHANGES MADE BY THE COURT**

Attorneys for Defendant LOEHMANN'S, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TIANA DANIELS, individually, and on behalf of other members of the general public similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act ("PAGA"),<br><br>  Plaintiff,<br><br>  vs.<br><br>LOEHMANN'S, INC., a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No. CV10-3291-JST (PLAx)<br><br>**DISCOVERY MATTER**<br><br>**ORDER RE: CONFIDENTIAL DISCOVERY MATERIAL**<br><br>Date Action Filed: March 18, 2010<br>Date Action Removed: April 30, 2010<br>Judge: Hon. Josephine Staton Tucker |

---

[PROPOSED] ORDER RE: CONFIDENTIAL DISCOVERY MATERIAL

1      Pursuant to the Court's Order Granting Plaintiff's Motion to Compel Further
2 Responses to Plaintiff's First Set of Interrogatories, *see* Document 26 (filed Aug. 18,
3 2010), the parties hereby disclose the following:
4      1.   Defendant Loehmann's, Inc. intends to seek review of the foregoing order
5 with the assigned district judge, pursuant to Central District Local Rule 72-2.1.
6      2.   To the extent the foregoing order is not modified or stayed, the parties are
7 in dispute as to whether defendant is entitled to review plaintiff Tiana Daniels's
8 proposed communication to the putative class:  Plaintiff intends to send a letter or
9 postcard.  Defendant believes it is entitled to review/comment on this communication
10 prior to it being sent out to the putative class.  Plaintiff believes defendant is not so
11 entitled.
12      3.   In the interim, as the foregoing order is still in effect, *see* Local Rule 72-
13 2.2, the parties hereby submit the following Stipulated Protective Order to govern (i)
14 any disclosure and use of putative class members' contact information (with the
15 exception of the disputed review/comment issue, above), and (ii) other confidential
16 documents or information the parties may disclose to each other in the context of this
17 action –

## **STIPULATION**

### Good Cause Statement

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and use for any purpose other than prosecuting this litigation would be warranted.  This information may specifically include employee payroll data, time-clock data or other employee personnel data, defendant' internal policies, practices or strategies, and employee contact information.  To preserve the privacy interests of the putative class members, and of the parties, the parties submit there is good cause for entry of this Protective Order.

1  Accordingly, IT IS HEREBY STIPULATED AND AGREED, by and between
2  Plaintiff Tiana Daniels ("Plaintiff") and Defendant Loehmann's, Inc. ("Loehmann's")
3  (collectively, the "Parties"), through their undersigned counsel, that this Court enter the
4  following Stipulated and Proposed Protective Order Regarding Confidential Discovery
5  Material ("Stipulated Protective Order") with respect to pre-trial discovery.  This
6  Stipulated Protective Order will govern documents and information produced by the
7  Parties in response to discovery requests in this action, Case No. CV10-3291-JST
8  (PLAx) ("discovery material").

## I. DESIGNATION AND USE OF CONFIDENTIAL MATERIAL

A. During the course of litigation, either party may seek to have discovery material classified as "confidential."  Any party ("designating party") may designate as confidential any discovery material if the party in good faith believes that it contains confidential personal or commercial information, specifically including any employee payroll data, time-clock data or other employee personnel data, Defendant' internal policies, practices or strategies, and employee contact information.  Discovery material that is so designated is referred to herein as "Confidential Material."  The designating party will mark each page "Confidential" of any document designated as such.  The designation will be made to avoid obscuring or defacing any portion of the discovery material.  Should any party, counsel for any party, or any person not a party to this action, who obtains access to any Confidential Material make copies of or from such material, the material will also be designated Confidential and all references in this Stipulated Protective Order will be deemed to apply to such copies.  Deposition testimony based on information designated Confidential will be identified as such either by a statement on the record at the deposition or by marking as Confidential documents or selected pages of documents containing such testimony.  If either party, through inadvertence, fails to designate discovery material as Confidential, but thereafter determines that such discovery material should have been so designated, it promptly will provide written notice of the Confidential designation and to the extent practicable

the discovery material will be treated as Confidential Material from the date of receipt of such notice.  Likewise, if a party designates discovery material Confidential and later determines that such discovery material should not have been so designated, it will promptly provide written notice of the removal of the designation along with a duplicate copy of the discovery material without the Confidential marking.

B. All Confidential Material and any portion thereof, including copies thereof will be deemed confidential and will be for use in these proceedings only, including purposes that may be considered ancillary to this action but are related to the resolution of the claims asserted in the action, such as the mediation, negotiation, and/or voluntary arbitration of one or more of the asserted claims.

C. All Confidential Material and any portion thereof, including copies thereof, and any information derived therefrom will not be disclosed in any way to anyone other than:  (a) the Court and Court personnel; (b) the Parties' counsel and their staff; (c) stenographic reporters; (d) the named parties; (e) any current or former officers, directors, or employees of the Parties who are needed to assist their counsel in this action; and the following, provided that they expressly agree to be bound by the terms of this Stipulated Protective Order by executing the form attached as Exhibit A (discussed below in section II): (f) any expert or consultant retained in connection with this action; (g) witnesses and potential witnesses at, and in preparation for, deposition, trial, or hearing herein, and (h) outside vendors who perform data entry or similar clerical functions.  Confidential Material may not be disclosed to any other person or entity without the prior written consent of the designating party or order of the Court. Any disclosure should be only to the extent reasonably necessary for the effective prosecution and defense of the claims in this action, and for no other purpose.

## II. CONDITIONS OF DISCLOSURE

A. As set forth in section I.C. above, prior to the disclosure of Confidential Material or any information contained therein to the persons qualified to receive it but required to execute Exhibit A, counsel for the requesting party will secure from each

such person the signed Exhibit A, which provides that he or she has read this Stipulated Protective Order, that he or she will not divulge any Confidential Material or any information contained therein except in the preparation, trial, or appeal of this action and in accordance with the terms and conditions of the Stipulated Protective Order, and that he or she will not use the material for any other purpose.

B. Confidential Material will be copied only by the Parties' counsel in this action or by personnel or outside vendors assisting such counsel and only for purposes permitted by this Stipulated Protective Order, and control and distribution of confidential material and copies thereof will be the responsibility of such counsel, who will maintain all written assurances executed by such persons as provided in sections I.C. and II.A.

C. The restrictions set forth in this Stipulated Protective Order will not apply to: (a) information that was, is or becomes public knowledge through its authorized release by a person or entity who rightfully obtained and possesses such information during the normal course of business, and not in violation of this Stipulated Protective Order; or (b) Defendant (or their affiliates), with respect to their own information or information received or created during the normal course of their own business. Whether information that becomes a matter of public record in any other manner may still be subject to protection as confidential will be determined according to the standards and procedures set forth herein. The owner of Confidential Material will be able to seek protection of that information in accordance with the provisions of this Stipulated Protective Order.

### III. PROTECTING CONFIDENTIAL INFORMATION AT DEPOSITIONS

A. During a deposition, either party may request any person present to sign the attached Exhibit A with the exception of any deposition reporters, videographers, and any individuals listed in sections I.C.(a)–(e).

     B.     To designate confidential information in testimony, the designating party will (a) make an oral statement to that effect on the record, or (b) notify the recipient in writing at any time up to 30 days after receipt of the transcript.

     C.     If any Confidential Material is marked as an exhibit in a deposition, or hearing, or other proceeding in this action, and its contents are disclosed, wholly or partially, in the course of the testimony at such proceeding, counsel for the Parties will (a) advise the reporter that the exhibit(s) refer to Confidential Material or (b) notify the recipient in writing at any time up to 30 days after receipt of the transcript.  In either case, the exhibit itself, as well as the portions of the transcript containing such disclosure, will be marked Confidential and will be deemed Confidential Material.  To this end, the reporter will not furnish copies thereof to anyone other than counsel of record for the Parties herein, and, if so requested by such counsel, the witness and the witness' counsel.

## IV.    USE OF CONFIDENTIAL INFORMATION IN COURT FILINGS

To the extent a party intends to file under seal material that was previously designated by any party as Confidential Material, the filing party must comply with Central District of California Civil Local Rule 79-5 ("Civil Local Rule 79-5").  Any document designated as Confidential Material is deemed appropriate for filing under seal only if the party intending to file it as such submits an application complying with Civil Local Rule 79-5 that is subsequently granted by the Court.  The Parties agree to endeavor to minimize the number of documents filed with the Court that contain Confidential information.  **The application must show good cause for the under seal filing.**

## V.    CHALLENGING A CONFIDENTIAL DESIGNATION

Notwithstanding the terms of this Stipulation, the burden of establishing that any material properly designated as confidential under California law shall remain with the designating party.  If at any time during this litigation a party disputes the designation of discovery material as Confidential, the objecting party may raise the dispute with the

1  designating party and the Court pursuant to the discovery resolution procedures set forth
2  in Local Rule 37-1 *et seq*.  Throughout the dispute resolution procedure in this
3  paragraph, the designating party will have the burden of demonstrating that the material
4  at issue is properly designated as confidential under California law.  In the event of a
5  dispute over the confidentiality of particular material, the Parties will continue to treat
6  the disputed discovery material as confidential until the dispute is resolved.

## VI.  NON-PARTY SUBPOENAS

If any party receives a subpoena from any non-party to this Stipulated Protective Order seeking production or disclosure of Confidential Material, that party (the "subpoenaed party") will give notice, as soon as practicable and in no event more than five business days after receiving the subpoena, to counsel for the designating party, which notice will enclose a copy of the subpoena, such that the designating party may assert its rights, if any, to non-disclosure.

## VII.  NO RESTRICTIONS

Nothing in this Stipulated Protective Order will:  (a) restrict any party with respect to their own documents or information; (b) restrict any party's rights with regard to discovery material that has not been designated as Confidential; (c) prejudice any party's rights to object to the production or disclosure of documents or other information that it considers not subject to discovery; or (d) restrict the scope of discovery that can be sought by any party or deemed permissible by the Court; or (e) prejudice any party's right to seek, either by agreement or by application to the Court, greater or lesser protection than that provided herein, or modification of the terms of this Stipulated Protective Order.  Nothing in this Stipulated Protective Order will be deemed to be a limit on or waiver of the attorney-client privilege, work product privilege, or any other relevant privilege.  Nothing in this Stipulated Protective Order will be deemed an agreement by either party to produce certain types of documents and/or information.

## VIII. <u>RETURN OF CONFIDENTIAL MATERIALS</u>

Within 60 days after the conclusion of this action, including any appeals, any party may request the return or destruction of all materials designated as Confidential Material and the responding party shall have 30 days thereafter to comply with such request. This provision will not apply to court filings or file copies of pleadings, briefs or correspondence maintained by the Parties' respective counsel in the ordinary course of business.

## IX. <u>BINDING EFFECT</u>

This Stipulated Protective Order will remain in full force and effect at all times during which any party to this Stipulated Protective Order or any person having executed the attached Exhibit A retains in his, her, or its possession, custody or control any Confidential Material.

## X. <u>ADDITIONAL PARTIES TO LAWSUIT</u>

If other parties are added to this action, no Confidential Material previously exchanged, produced, or used herein will be disclosed to such other parties or their counsel except upon their agreeing to be bound by the provisions of this Stipulated Protective Order.

## XI. <u>ADDITIONAL RIGHTS</u>

This Stipulated Protective Order is without prejudice to the right of any party to move the Court for an order for good cause shown for protection of Confidential Material sought by or produced through discovery, which protection is different from or in addition to that provided for in this Stipulated Protective Order, and such right is

///

expressly reserved.  Similarly, each party expressly reserves the right at any time to request the Court to authorize disclosure other than contemplated hereunder of materials subject to this Stipulated Protective Order.  **Local Rule 37 applies to any such motions to the Court.**

**IT IS SO ORDERED.**

Dated:   August 30, 2010            By _____
                                                 Hon. Paul L. Abrams
                                              United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGEMENT CONCERNING INFORMATION COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order Regarding Confidential Discovery Material ("Stipulation" or "Stipulated Protective Order") governing *Daniels v. Loehmann's, Inc.*, CV10-3291-JST (PLAx) and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court, Central District of California, for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Material made available to it/him/her other than in accordance with the terms and conditions of this Stipulated Protective Order.

Dated: _____, 2010

By:_____
                Signature

_____
                Printed Name